**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
(PHILADELPHIA)**

| | |
|---|---|
| IN RE: ) | |
| WILLIAM A. BROWNLEE, SR, ) | CASE NO.: 25-14690-PMM |
| ) | CHAPTER 7 |
| DEBTOR. ) | JUDGE PATRICIA M. MAYER |
| ) | |
| AMERICAN AIRLINES FEDERAL ) | |
| CREDIT UNION, ) | |
| ) | |
| CREDITOR. ) | |
| ) | |
| WILLIAM A. BROWNLEE, SR, DEBTOR, ) | |
| AND CHRISTINE C. SHUBERT, TRUSTEE, ) | |
| ) | |
| RESPONDENTS. ) | |

**MOTION OF AMERICAN AIRLINES FEDERAL CREDIT UNTION FOR RELIEF FROM AUTOMATIC STAY UNDER SECTION 362**

1. Movant is American Airlines Federal Credit Union.

2. Debtor is the owner of collateral described as a 2020 Maserati Levante, V.I.N. ZN661XUA6LX352481 (hereinafter the "Property").

3. The original principal amount on the loan executed on October 14, 2021 is $62,450.94. A true and correct copy of the Loan and Security Agreements and Disclosure Statement is attached hereto as Exhibit "A".

4. The Lien and Title Information was received on January 31, 2022 and is attached hereto as Exhibit "B".

5. Christine C. Shubert is the Trustee appointed by the Court.

6. As of November 24, 2025, Debtor has failed to make the monthly payments for the months of February 20, 2023 through November 20, 2025, in the amount of $861.51 each, less a suspense balance of $0.02 for a total arrearage of $29,291.32.

7. As of November 18, 2025, there is a total payoff amount of $51,128.20.

8. The Property is burdensome and of inconsequential value and benefit to the estate.

9. On information and belief, the Trustee has not abandoned interest in said property as of this date

10. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $1,225.00 in legal fees and $199.00 in costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

11. Movant asserts that sufficient cause exists to waive the requirement of Bankruptcy Rule 4001(a)(4), therefore allowing any order entered to be effective upon execution.

12. American Airlines Federal Credit Union services the underlying mortgage loan and note for the property referenced in this motion for Movant. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge, and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is endorsed in blank. Movant is the beneficiary or the assignee of the Deed of Trust.

    **WHEREFORE**, Movant prays:

1. That Notice be afforded the Respondents.

2. That the automatic stay pursuant to 11 U.S.C. §362(a) be terminated.

3. That relief awarded will survive any conversion made by Debtor.

4. That upon entry of an order granting relief from stay, the notice requirements under

Rule 3002.1 of the Federal Rules of Bankruptcy Procedure cease to apply with respect to the Property in the instant bankruptcy case.

5. That the provisions of Bankruptcy Rule 4001(a)(4) be waived.

6. For such other relief as the Court may deem just and proper.

**DATED** this 4th day of December 2025.

        Respectfully submitted,

        /s/ Joshua I. Goldman
        Joshua I. Goldman, Esq.
        Pennsylvania Bar #205047
        PADGETT LAW GROUP
        6267 Old Water Oak Road, Suite 203
        Tallahassee, FL 32312
        (850) 422-2520 (telephone)
        josh.goldman@padgettlawgroup.com
        Counsel for Movant

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy has been furnished to the parties on the attached Service List by electronic notice and/or by First Class U.S. Mail on this 4th day of December 2025:

### *VIA U.S. MAIL*

*DEBTOR*
WILLIAM A. BROWNLEE, SR
640 N 39TH ST
PHILADELPHIA, PA 19104-1853

### *VIA ELECTRONIC NOTICE*

*ATTORNEYS FOR DEBTOR*
MICHAEL A. CIBIK
CIBIK LAW, P.C.
1500 WALNUT STREET, SUITE 900
PHILADELPHIA, PA 19102
HELP@CIBIKLAW.COM

*TRUSTEE*
CHRISTINE C. SHUBERT
821 WESLEY AVENUE
OCEAN CITY, NJ 08226
CHRISTINE.SHUBERT@COMCAST.NET

*U.S. TRUSTEE*
OFFICE OF UNITED STATES TRUSTEE
ROBERT N.C. NIX FEDERAL BUILDING
900 MARKET STREET, SUITE 320
PHILADELPHIA, PA 19107
USTPREGION03.PH.ECF@USDOJ.GOV

/s/ Joshua I. Goldman
Joshua I. Goldman, Esq.
Pennsylvania Bar # 205047
PADGETT LAW GROUP
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
josh.goldman@padgettlawgroup.com
Counsel for Movant

**EXHIBIT A**

**American Airlines Federal Credit Union**
MD 2100, P.O. Box 619001
DFW Airport, TX 75261-9001
(800) 533-0035
AACreditUnion.org

# Loan and Security Agreements and Disclosure Statement

[ ] Covered Borrower Under Military Lending Act — NEW AUTO FIXED RATE

| | | | | | |
|---|---|---|---|---|---|
| [X] FIXED RATE [ ] STEP RATE [ ] VARIABLE RATE | LOAN DATE 10/14/2021 | ACCOUNT NUMBER ▓▓▓ | | LOAN NUMBER ▓▓▓ | MATURITY DATE 10/20/2028 |

| BORROWER 1 (Name & Address) | BORROWER 2 (Name & Address) |
|---|---|
| WILLIAM A BROWNLEE SR<br>640 N 39TH ST<br>PHILADELPHIA, PA 19104-1853 | |

| BORROWER 3 (Name & Address) | BORROWER 4 (Name & Address) |
|---|---|
| | |

## TRUTH IN LENDING DISCLOSURE ('e' means an estimate)

| ANNUAL PERCENTAGE RATE<br>The cost of Your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost You. | Amount Financed<br>The amount of credit provided to You or on Your behalf. | Total of Payments<br>The amount You will have paid after You have made all payments as scheduled. | Total Sale Price<br>The total cost of Your purchase on credit is $N/A which includes Your downpayment of $N/A |
|---|---|---|---|---|
| 4.250% | $9,915.14 | $62,450.94 e | $72,366.08 | $N/A e |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due | |
|---|---|---|---|
| 83 | $861.51 | MONTHLY | BEGINNING 11/20/2021 |
| 1 | $860.75 | | 10/20/2028 |

**Prepayment:** If You pay off early You will not have to pay a penalty.
**Required Deposit:** The Annual Percentage Rate does not take into account Your required deposit, if any.
**Demand:** [ ] This obligation has a demand feature.
[ ] All disclosures are based on an assumed maturity of one year.

**Property Insurance:** You may obtain property insurance from anyone You want that is acceptable to the Credit Union. If You get the insurance from the Credit Union You will pay $N/A

**Filing Fees** $81.00    **Non-Filing Insurance** $N/A

**Late Charge:** You will be charged a late fee of 5% of the payment amount owed if payment is not received within ten days of the due date.

**Security:** Collateral securing other loans with the Credit Union may also secure this Loan. You are giving a security interest in Your shares and dividends and, if any, Your deposits and interest in the Credit Union; and the Property described below:

| Collateral | Property/Model/Make | Year | I.D. Number | Type | Value | Key Number |
|---|---|---|---|---|---|---|
| MASERATI | LEVANTE | 2020 | ZN661XUA6LX352481 | | $63,105.00 | |
| | | | | | $ | |
| | | | | | $ | |

Other (Describe)
Pledge of Shares $ _____ in Account No. _____    $ _____ in Account No. _____

**Variable Rate:**

See Your contract documents for any additional information about nonpayment, default, and any required repayment in full before the scheduled date.

**LOANLINER**
© CUNA Mutual Group 1999, 2000, 01, 02, 03, 04, 06, 08, 2016, 18
All Rights Reserved

WILLIAM A BROWNLEE SR
Page 1 of 5

| Credit Union | American Airlines Federal Credit Union | | | |
|---|---|---|---|---|
| **ITEMIZATION OF THE AMOUNT FINANCED ('e' means an estimate)** | | | | |
| Itemization of Amount Financed of $62,450.94 | Amount Given to You Directly $0.00 | | Amount Paid on Your Account $0.00 | Prepaid Finance Charge $0.00 |
| Amounts Paid to Others on Your Behalf: (If an amount is marked with an asterisk (*) We will be retaining a portion of the amount.) | | | | |
| $62,075.94 | To MASERATI CAPITAL USA | $ | To | |
| $375.00 | To *GAP COVERAGE | $ | To | |
| $ | To | $ | To | |
| $ | To | $ | To | |
| $ | To | $ | To | |
| $ | To | $ | To | |
| $ | To | $ | To | |

**MILITARY LENDING ACT DISCLOSURES**

Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).

Please call Us to receive oral disclosures of the Military Lending Act disclosure above and a description of the payment obligation at: (855) 373-4782

A "Covered Borrower" for purposes of this loan means a consumer who, at the time the consumer becomes obligated on this loan, is a covered member or a dependent of a covered member as defined by the Military Lending Act. A Covered Borrower does not mean a consumer who (though a Covered Borrower at the time he or she became obligated on this transaction) no longer is a covered member or a dependent of a covered member as defined by the Military Lending Act.

**LOAN AGREEMENT**

In this Loan Agreement ("Agreement") all references to "Credit Union", "We", "Our" or "Us" mean the Credit Union whose name appears above and anyone to whom the Credit Union assigns or transfers this Agreement. All references to "You" or "Your" mean each person who signs, or otherwise authenticates, this Agreement as a borrower.

**1. PROMISE TO PAY** - You promise to pay $62,450.94 to the Credit Union plus interest on the unpaid balance until what You owe has been repaid.

For **fixed rate** loans, the interest rate is 4.250% per year.

For **step-rate** loans, the initial interest rate will be N/A% until N/A and then the interest rate will be N/A% until the balance is repaid in full.

For **variable rate** loans, the initial interest rate is N/A% per year and will vary as follows:

**Collection Costs:**
You agree to pay all costs of collecting the amount you owe under this Agreement, including court costs and reasonable attorney fees.

**2. PAYMENTS** - You promise to make payments of the amount and at the time shown in the Truth in Lending Disclosure. If this is a variable rate loan, the Promise to Pay section tells You whether, if the interest rate increases, You will have to make more payments, higher payments, or if the final payment will be a balloon payment. You may prepay any amount without penalty. If You prepay any part of what You owe, You are still required to make the regularly scheduled payments, unless We have agreed to a change in the payment schedule. Because this is a simple interest loan, if You do not make payments exactly as scheduled, Your final payment may be more or less than the amount of the final payment that is disclosed. If You elect voluntary payment protection, We will either include the premium or program fee(s) in Your payments or extend the term of Your loan. If the term is extended, You will be required to make additional payments of the scheduled amount, until what You owe has been paid. You promise to make all payments to the place We choose. If this loan refinances another loan You have with Us, the other loan will be canceled and refinanced as of the date of this loan. Unless otherwise required by law, payments will be applied to amounts owed in the manner We choose.

**3. LOAN PROCEEDS BY MAIL** - If the proceeds of this loan are mailed to You, interest on this loan begins on the date the loan proceeds are mailed to You.

**WILLIAM A BROWNLEE SR**                    Page 2 of 5

Credit Union American Airlines Federal Credit Union

**4. SECURITY FOR LOAN** - This Agreement is secured by all property described in the "Security" section of the Truth in Lending Disclosure. Property securing other loans You have with Us also secures this loan, unless the property is a dwelling or otherwise prohibited by federal and/or state law. In addition to Your pledge of shares, We may also have what is known as a statutory lien on all individual and joint accounts You have with Us. A statutory lien means We have the right under federal and/or state law to claim an interest in Your accounts. Unless otherwise prohibited by federal and/or state law, We can enforce a statutory lien against Your shares and dividends and, if any, interest and deposits, in all individual and joint accounts You have with Us to satisfy any outstanding financial obligation that is due and payable to Us. We may exercise Our right to enforce this lien without further notice to You, to the extent permitted by law. *For all borrowers:* You pledge as security for this loan all shares and dividends and, if any, all deposits and interest in all joint and individual accounts You have with the Credit Union now and in the future. **The statutory lien and/or Your pledge will allow Us to apply the funds in Your account(s) to what You owe when You are in default.** If a dollar amount and account number are listed in the "Security" section of the Truth in Lending Disclosure, You may not withdraw the amount that has been specifically pledged to secure this loan until the Credit Union agrees to release all or part of the pledged amount. The statutory lien and Your pledge do not apply to any Individual Retirement Account or any other account that would lose special tax treatment under state or federal law if given as security. If You give the Credit Union a security interest in a motor vehicle, boat or other collateral for which a title is issued under state law, You promise to have the Credit Union's security interest shown on the title. You also promise to take whatever action the Credit Union may require under the terms of Your Security Agreement to protect its security interest.

**5. DEFAULT** - You will be in default under this Agreement if (i) You do not make a payment of the amount required on or before the date it is due, (ii) You break any promise under this Agreement or any other agreement You have with Us, now or in the future, (iii) anyone is in default under any security agreement made in connection with this Agreement , (iv) You die, file for bankruptcy, become insolvent (that is, unable to pay Your bills and loans as they become due), (v) You do not use the proceeds of this loan for the purpose stated in Your application, (vi) You make any false or misleading statements in any credit application or update of credit information, (vii) something happens that We believe may seriously affect Your ability to repay what You owe under this Agreement or if You are in default under any loan agreement You have with Us.

**6. ACTIONS AFTER DEFAULT** - When You are in default, We may accelerate the repayment of the unpaid balance of Your loan under this Agreement. **Unless You are a Covered Borrower under the Military Lending Act, You waive any right You have to receive demand for payment, notice of intent to accelerate and notice of acceleration.** If We exercise this right, including demanding immediate payment, You will continue to pay interest at the rate provided for in this Agreement, until what You owe has been repaid. **We will also apply against what You owe any shares and/or deposits given as security under this Agreement.** We may also exercise any other rights given by law when You are in default.

**7. EACH PERSON RESPONSIBLE** - Each person who signs, or otherwise authenticates, this Agreement will be individually and jointly responsible for paying the entire amount owed under this Agreement. This means We can enforce Our rights against any one of You individually or against all of You together.

**8. LATE CHARGE** - If You are late in making a payment, You promise to pay the late charge shown in the Truth in Lending Disclosure. If no late charge is shown, You will not be charged one.

**9. DELAY IN ENFORCING RIGHTS** - We can delay enforcing any of Our rights under this Agreement any number of times without losing the ability to exercise Our rights later. We can enforce this Agreement against Your heirs or legal representatives.

**10. CONTINUED EFFECTIVENESS** - If any part of this Agreement is determined by a court to be unenforceable, the rest will remain in effect.

**11. NOTICES** - Notices will be sent to You at the most recent address You have given Us in writing. Notice to any one of You will be notice to all.

**12. USE OF ACCOUNT** - You promise to use Your account for consumer (personal, family or household) purposes, unless the Credit Union gives You written permission to use the account also for agricultural or commercial purposes, or to purchase real estate.

**13. NO ORAL AGREEMENTS** -- THIS NOTE CONSTITUTES A "WRITTEN LOAN AGREEMENT" PURSUANT TO SECTION 26.02 OF THE TEXAS BUSINESS AND COMMERCE CODE, IF SUCH SECTION APPLIES. THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

**14.** The following is required by Vermont law: NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

**15. NOTICE TO UTAH BORROWERS:** This written Agreement is the final expression of the Agreement between You and the Credit Union. This written Agreement may not be contradicted by evidence of any oral agreement.

**16. CREDIT INVESTIGATION** - In connection with maintenance of Your account, You agree that We have the right to investigate Your credit and employment history, to verify Your credit references, to request and use credit reports, and to report the way You pay Your loan to credit bureaus and other interested parties.

**17. USURY SAVINGS** - Interest paid or agreed to be paid shall not exceed the maximum amount permissible under applicable law, and in any contingency whatsoever, if We shall receive anything of value deemed interest under applicable law which would exceed the maximum amount of interest permissible under applicable law, the excessive interest shall be applied to the reduction of the unpaid principal amount or refunded to You.

**18. UPDATING CREDIT INFORMATION** - You promise to notify Us of any change in Your name, address, or employment and any change in the location of the Property securing this loan. You promise to inform Us of any new information which relates to Your ability to repay Your obligations with Us. You promise not to submit false or inaccurate information or willfully conceal information regarding Your credit worthiness, credit standing, or credit capacity.

**19. PENALTY RATE** - If You are in default for any reason, We may increase Your Annual Percentage Rate (APR) to the maximum APR allowed by law at the time of the default. If We increase Your APR under this section, We may, at Our option, increase Your regular payment amount or keep Your payment amount the same and extend the term of the loan to recover the additional finance charge You will be required to pay.

**WILLIAM A BROWNLEE SR**                                    Page 3 of 5

| Credit Union | American Airlines Federal Credit Union | | | |
|---|---|---|---|---|

**20. OTHER PROVISIONS** - We may agree with any one or more of You to modify the terms or extend this Agreement. You agree that We do not have to give notice of any such modification or extension to any co-borrower not signing the modification or extension agreement, unless prohibited by law. Any modifications and/or extensions of this Agreement do not release any co-borrowers or guarantors. We may accept late payments or partial payments marked "payment in full" without losing any of Our rights under this Agreement. You promise not to apply for a loan if You know there is a reasonable probability that You will be unable to repay the obligation according to the terms of the credit extension.

**21. The following applies to Puerto Rico Borrowers - Notice to the Debtor:** You are hereby notified that the secured party may after an event of default take possession of the collateral without judicial process.

### SECURITY AGREEMENT

In this Security Agreement ("Agreement") all references to "Credit Union", "We", "Our" or "Us" mean the Credit Union whose name appears on this document and anyone to whom the Credit Union assigns or transfers this Agreement. All references to the "Loan" mean the loan described in the Loan Agreement that is part of this document. All references to "You" or "Your" mean any person who signs, or otherwise authenticates, this Agreement.

**1. THE SECURITY FOR THE LOAN** - You give Us what is known as a security interest in the Property described in the "Security" section of the Truth in Lending Disclosure that is part of this document ("the Property"). The security interest You give includes all accessions. Accessions are things which are attached to or installed in the Property now or in the future. The security interest also includes any replacements for the Property which You buy within 10 days of the Loan and any extensions, renewals or refinancings of the Loan. It also includes any money You receive from selling the Property or from insurance You have on the Property. If the value of the Property diminishes or if for any reason We deem that additional security is required to protect Us from possible loss, You promise to assign to Us additional property as security within 10 days if asked to do so. This Agreement not only binds You, but Your executors, administrators, heirs, and assigns.

**2. WHAT THE SECURITY INTEREST COVERS/CROSS COLLATERAL PROVISIONS** - The security interest secures the Loan and any extensions, renewals or refinancings of the Loan. **Unless prohibited by applicable law, the security interest also secures any other loans, including any credit card loan, You have now or receive in the future from Us and any other amounts You owe Us for any reason now or in the future, except any loan secured by Your principal dwelling.** If the Property is household goods as defined by the Federal Trade Commission or National Credit Union Administration Credit Practices Rule or Your principal dwelling, the Property will secure only this Loan and not other loans or amounts You owe Us.

**3. OWNERSHIP OF THE PROPERTY** - You promise that You own the Property or, if this Loan is to buy the Property, You promise You will use the Loan proceeds for that purpose. You promise that no one else has any interest in or claim against the Property that You have not already told Us about. You promise not to sell or lease the Property or to use it as security for a loan with another creditor until the Loan is repaid. You promise You will allow no other security interest or lien to attach to the Property either by Your actions or by operation of law.

**4. PROTECTING THE SECURITY INTEREST** - If Your state or jurisdiction issues a title for the Property, You promise to have Our security interest shown on the title or provide Us with the title within 20 days of taking possession of the Property. We may have to file what is called a financing statement to protect Our security interest from the claims of others. You irrevocably authorize Us to execute (on Your behalf), if applicable, and file one or more financing, continuation or amendment statements pursuant to the Uniform Commercial Code (UCC) in a form satisfactory to Us. You promise to do whatever else We think is necessary to protect Our security interest in the Property. You also promise to pay all costs, including but not limited to any attorney fees, We incur in protecting Our security interest and rights in the Property, to the extent permitted by applicable law. You hereby appoint Us as Your attorney in fact to perform any acts which We deem necessary to protect the Property and the security interest that this Security Agreement creates.

**5. USE OF PROPERTY** - Until the Loan has been paid off, You promise You will: (1) Use the Property carefully and keep it in good repair. (2) Obtain Our written permission before making major changes to the Property or changing the address where the Property is kept. (3) Inform Us in writing before changing Your address. (4) Allow Us to inspect the Property. (5) Promptly notify Us if the Property is damaged, stolen or abused. (6) Not use the Property for any unlawful purpose or allow it to be seized. (7) Not retitle the Property in another state without telling Us.

**6. PROPERTY INSURANCE, TAXES AND FEES** - You promise to pay all taxes and fees (like registration fees) due on the Property and to keep the Property insured against loss and damage. The amount and coverage of the property insurance must be acceptable to Us. You may provide the property insurance through a policy You already have, or through a policy You get and pay for. You promise to make the insurance policy payable to Us and to deliver the policy or proof of coverage to Us if asked to do so.

If You cancel Your insurance and get a refund, We have a right to the refund. If the Property is lost or damaged, We can use the insurance settlement to repair the Property or apply it towards what You owe. You assign to Us to all rights to receive proceeds of insurance, and You direct any insurer to pay all proceeds directly to Us. You authorize Us to endorse any draft or check which may be payable to You in order for Us to collect any refund or benefits due under Your insurance policy.

If You do not pay the taxes or fees on the Property when due or keep it insured, We may pay these obligations, but We are not required to do so. Any money We spend for taxes, fees or insurance will be added to the unpaid balance of the Loan and You will pay interest on those amounts at the same rate You agreed to pay on the Loan. We may receive payments in connection with the insurance from a company which provides the insurance. We may monitor Our loans for the purpose of determining whether You and other borrowers have complied with the insurance requirements of Our loan agreements or may engage others to do so. The insurance charge added to the Loan may include (1) the insurance company's payments to Us and (2) the cost of determining compliance with the insurance requirements. If We add amounts for taxes, fees or insurance to the unpaid balance of the Loan, We may increase Your payments to pay the amount added within the term of the insurance or term of the Loan.

**7. INSURANCE NOTICE** - If You do not purchase the required property insurance, the insurance We may purchase and charge You for will cover only Our interest in the Property. This insurance will be obtained on behalf of You and at Your expense. In such event, We will add the premium for this insurance to Your loan account and You will pay interest on the amount of such premium at the same rate You agreed to pay on the loan. The premium for this insurance may be higher because the insurance company may have given Us the right to purchase insurance after uninsured collateral is lost or damaged. **The insurance will not be liability insurance and will not satisfy any state financial responsibility or no fault laws.** If We add the amount of the premium to Your loan account, You agree that We in Our sole discretion may (i) require immediate payment of the entire premium, (ii) increase the periodic payments on Your account by an amount sufficient to payoff the premium in the same number

**WILLIAM A BROWNLEE SR**          Page **4** of **5**

Credit Union American Airlines Federal Credit Union

of months originally scheduled or sooner, or (iii) exercise any other rights We may have under this Agreement or at law. No action or inaction on Our part in connection with the foregoing will be construed as a waiver of Your default or Our rights. Any waiver of these insurance requirements will be effective only if agreed to in writing by Us.

**8. DEFAULT** - You will be in default if You break any promise You make or fail to perform any obligation You have under this Agreement. You will also be in default under this Agreement if the Loan is in default. You will be in default if any Property You have given Us as security is repossessed by someone else, seized under a forfeiture or similar law, or if anything else happens that significantly affects the value of the Property or Our security interest in it. You will be in default if anyone tries by any legal means to take the Property securing Your Loan or any share deposits of Yours pledged for the Loan.

If the Property is subject to a certificate of title statute, You will be in default if You fail to provide title to Us or protect Our security interest in the Property within 20 days from the date loan proceeds are mailed or delivered.

**9. WHAT HAPPENS IF YOU ARE IN DEFAULT** - When You are in default, We may demand immediate payment of the outstanding balance of the Loan or any other obligation You have with Us, other than credit card accounts, without giving You advance notice and take possession of the Property. You agree the Credit Union has the right to take possession of the Property without judicial process if this can be done without breach of the peace. In such event, We and Our authorized representatives may enter the premises where the collateral is kept and take possession of the Property subject to applicable law, and You authorize a right of entry for that purpose. **Unless You are a Covered Borrower under the Military Lending Act, You waive any right to advance notice before We take any action resulting from Your default unless such waiver is prohibited by law.** We have the right to render the Property pledged as security unusable and may dispose of the Property on the premises where the Property is kept, unless prohibited by law. If We ask, You promise to deliver the Property at a time and place We choose. If the Property is a motor vehicle or boat, You agree that We may obtain a key or other device necessary to unlock and operate it, when You are in default. We will not be responsible for any other property not covered by this Agreement that You leave inside the Property or that is attached to the Property. We will try to return that property to You or make it available for You to claim.

After We have possession of the Property, We can sell it and apply the money to any amounts You owe Us. We will give You notice of any public disposition or the date after which a private disposition will be held. Our expenses for taking possession of and selling the Property will be deducted from the money received from the sale. Those costs may include the cost of storing the Property, preparing it for sale and attorney's fees to the extent permitted under state law or awarded under the Bankruptcy Code.

If You have agreed to pay the Loan, You must pay any amount that remains unpaid after the sale money has been applied to the unpaid balance of the Loan and to what You owe under this Agreement. You agree to pay interest on that amount at the same rate as the Loan until that amount has been paid. In connection with any default under this Agreement, You consent that We may undertake any and all necessary skiptrace searches to locate You or the Property. Such skiptrace searches may include exchanges of skiptrace information with other financial institutions.

**10. DELAY IN ENFORCING RIGHTS AND CHANGES IN THE LOAN** - We can delay enforcing any of Our rights under this Agreement any number of times without losing the ability to exercise Our rights later. We can enforce this Agreement against Your heirs or legal representatives. If We change the terms of the Loan, You agree that this Agreement will remain in effect.

**11. CONTINUED EFFECTIVENESS** - If any part of this Agreement is determined by a court to be unenforceable, the rest will remain in effect.

**12. NOTICE FOR ARIZONA OWNERS OF PROPERTY** - It is unlawful for You to fail to return a motor vehicle that is subject to a security interest, within thirty days after You have received notice of default. The notice will be mailed to the address You gave Us. It is Your responsibility to notify Us if Your address changes. The maximum penalty for unlawful failure to return a motor vehicle is one year in prison and/or a fine of $150,000.00.

☐ *The following notice applies ONLY when the box at left is marked.*

**13. NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**14. The following applies to Puerto Rico Borrowers - Notice to the Debtor:** You are hereby notified that the secured party may after an event of default take possession of the collateral without judicial process.

## SIGNATURES

By signing, or otherwise authenticating, as Borrower, You agree to the terms of the Loan Agreement. If Property is described in the "Security" section of the Truth in Lending Disclosure, You also agree to the terms of the Security Agreement. If You sign, or otherwise authenticate, as "Owner of Property" You agree only to the terms of the Security Agreement.

**CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THE AGREEMENT BEFORE YOU SIGN IT**

| Borrower 1 Signature — DocuSigned by: | Date |
|---|---|
| X  *[signature]* | 10/14/2021 (Seal) |

WILLIAM A BROWNLEE SR

| Borrower 2 Signature | Date |
|---|---|
| X | (Seal) |

| Signature | Date |
|---|---|
| X | (Seal) |

| Signature | Date |
|---|---|
| X | (Seal) |

☐ Borrower 3:
☐ Owner of Property
☐ Witness

☐ Borrower 4:
☐ Owner of Property
☐ Witness



**EXHIBIT B**

## Lien and Title Information Report
### 2344-American Airlines Federal Credit Union

| | | | |
|---|---|---|---|
| Customer | WILLIAM A BROWNLEE SR | VIN | ZN661XUA6LX352481 |
| Organization ID | | Organization Name | American Airlines Federal Credit Union |
| Lien Start | 10/14/2021 | Lien End | |
| Original Loan Amount | $62,450.94 | Lien Balance Amount | $62,450.94 |
| Lien Type | Retail | Dealer ID | |

### Last ELT Transactions

| Received On | |
|---|---|
| 2022-01-31 00:22:06.0 | Add Record - Perfection of Lien |

### Borrower / Lesee Details

| | |
|---|---|
| Name | WILLIAM A BROWNLEE SR |
| Address | 640 N 39TH ST,PHILADELPHIA PA,19104-1853 |

### Vehicle Information

| | | | |
|---|---|---|---|
| Vehicle Type | Auto | Make | MASERATI |
| Model | | Year | 2020 |
| Mileage | 0 | | |

### Title Information

| | | | |
|---|---|---|---|
| Title Number | | Title State | PA |
| Tag Number | | VIN | ZN661XUA6LX352481 |
| Status | MATCHED | Match Date | 01/31/2022 |
| Lien Expiration Date | 01/29/2028 | Media Type | Electronic |

### State Information

| | | | |
|---|---|---|---|
| Name | BROWNLEE SR,WILLIAM A | Lessee | |
| Address | 640 N 39TH ST,PHILADELPHIA PA,19104 | | |
| Vehicle Type | | Make | MASE |
| Model | | Year | 2020 |
| Mileage | 39 | | |
| Title State | PA | Title Number | |
| Brands | 68 PA: ACTUAL MILEAGE | | |

Page: 1